**JIE DI WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6268–ag.**

United States Court of Appeals, Second Circuit.

July 28, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Karen Jaffe, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, David J. Kennedy, Ramon E. Reyes, Jr., Assistant United States Attorneys, New York, NY, for Respondent.

## SUMMARY ORDER

Jie Di Wang, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Philip Morace's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review questions of law and the application of law to fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

This Court has held, as a matter of law, that children are not per se eligible for asylum based on their parents' forcible abortions or sterilizations. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005). Moreover, Wang has not alleged that he suffered any personal harm or discrimination as a result of his mother's violation of the family planning policy, or that he was targeted by the authorities for any other reason. As he failed even to allege past persecution, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). In addition, substantial evidence supports the IJ's finding that Wang failed to establish an objec-

tively reasonable fear of future persecution under the family planning policy inasmuch as he was unmarried and had no children, and had not indicated that he had any specific plans to marry and have children. That his mother and aunt were forcibly sterilized after having multiple children is insufficient to show that he could reasonably expect similar treatment, in light of the fact that he failed to allege facts establishing that he was similarly situated. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). A reasonable fact-finder would not be compelled to disagree with the IJ's conclusion that Wang's fear of sterilization rested on too much speculation to be considered well-founded, and was therefore insufficient to sustain his burden for either asylum or withholding. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Finally, because Wang failed to allege any particular circumstances that would suggest he was more likely than not to be tortured, substantial evidence supports the IJ's denial of CAT relief. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).